Lawrence S. Paikoff, M.D., Esq., SBN 191732
Email: lpaikoff@paikofflaw.com
Richard J. Paikoff, Esq., SBN 309304
Email: rpaikoff@paikofflaw.com
Law Offices of Lawrence Paikoff
1756 Picasso Avenue Suite F
Davis, CA 95618
Telephone (530) 297-1144
Facsimile (530) 297-1146
Attorneys for Plaintiff
K.D., THROUGH HER NATURAL
GUARDIAN AND MOTHER TEYLOR
DILLON

BARRY C. MARSH, ESQ. (SBN 99908)
SCOTT R. KANTER, ESQ. (SBN 199696)
HINSHAW, MARSH, STILL & HINSHAW,
LLP
12901 SARATOGA AVENUE
SARATOGA, CALIFORNIA 95070
Phone: (408) 861-6500
Fax: (408) 257-6645
Email: bmarsh@hinshaw-law.com
Email: skanter@hinshaw-law.com
Attorneys for Defendants MARC NIELSEN,
D.O., EDWARD SCHELERT, P.A.
(errantly sued herein as "EDWARD
SCHELLERT, P.A."), and CHASE DENNIS
EMERGENCY MEDICAL GROUP, INC.

STEVEN M. MCKINLEY, Bar No. 195526
LOW McKINLEY & SALENKO, LLP
2150 River Plaza Drive, Suite 250
Sacramento, CA 95833
Telephone: (916) 231-2400
Facsimile: (916) 231-2399
Email: smm@lmblaw.net
Attorneys for Defendant MATTHEW
KOLOSKY, D.O.

PHILLIP A. TALBERT
United States Attorney
BRENDON L.S. HANSEN
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, California 95814
Telephone: (916) 554-2780
Facsimile: (916) 554-2900
Attorneys for
UNITED STATES OF AMERICA

CHAD C. COUCHOT, Bar No. 245455
SCHUERING ZIMMERMAN & DOYLE, LLP
400 University Avenue
Sacramento, California 95825-6502
(916) 567-0400
Attorneys for Defendant BANNER LASSEN
MEDICAL CENTER

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| K.D., THROUGH HER NATURAL GUARDIAN AND MOTHER TEYLOR DILLON,<br><br>Plaintiff,<br><br>vs.<br><br>BANNER LASSEN MEDICAL CENTER, CHASE DENNIS EMERGENCY MEDICAL GROUP, INC., MATTHEW KOLOSKY, D.O., MARC NIELSEN, D.O., EDWARD SCHELLERT, P.A., THE UNITED STATES OF AMERICA, AND DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO.  2:23-CV-00990-MCE-KJN<br><br>**SCHEDULING ORDER** |

After review of the Joint Status Report, ECF No. 25, and subsequent agreement of the parties, the Court amends its Initial Pretrial Scheduling Order (ECF No. 4) as follows:

<u>SERVICE OF PROCESS</u>

All defendants to this lawsuit have been served and no further service will be permitted except with leave of court, good cause having been shown.

<u>JOINDER OF ADDITIONAL PARTIES/AMENDMENTS</u>

No further joinder of parties or amendments to pleadings is permitted except with leave of court, good cause having been shown.

<u>JURISDICTION AND VENUE</u>

Jurisdiction and venue are not contested.

//

//

//

<u>SCHEDULING</u>

The Court enters the following deadlines:

| EVENT | DEADLINE |
|---|---|
| Rule 26(a)(1) Disclosures (Completed) | February 2, 2024 |
| Settlement Conference | January 14, 2025 |
| Fact Discovery Cut-Off | January 21, 2025 |
| Plaintiff's Expert Disclosures | April 18, 2025 |
| Defendant's Expert Disclosures | May 23, 2025 |
| Rebuttal Expert Disclosures | July 18, 2025 |
| Expert Discovery Cut-Off | October 24, 2025 |
| Dispositive Motion Filing Deadline | November 28, 2025 |

<u>MOTION HEARINGS SCHEDULES</u>

The parties are reminded of the notice requirements as outlined in Local Rule 230(b).  The time deadline for dispositive motions does not apply to motions for continuances, temporary restraining orders or other emergency applications.

All purely legal issues are to be resolved by timely pre-trial motions.  The parties are reminded that motions *in limine* are procedural devices designed to address the admissibility of evidence and are cautioned that the court will look with disfavor upon substantive motions presented at the final pre-trial conference or at trial in the guise of motions *in limine*.  The parties are further cautioned that if any legal issue which should have been tendered to the court by proper pre-trial motion requires resolution by the court after the established law and motion cut-off date, substantial sanctions may be assessed for the failure to file the appropriate pre-trial motion.

///

///

///

///

DISCOVERY

All discovery shall be completed by the deadline above.  In this context, "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been complied with.

DISCLOSURE OF EXPERT WITNESSES

The parties shall make expert witness disclosures under Fed. R. Civ. P. 26(a)(2) by the deadlines above.

Failure of a party to comply with the disclosure schedule as set forth above in all likelihood will preclude that party from calling the expert witness at the time of trial absent a showing that the necessity for the witness could not have been reasonably anticipated at the time the disclosures were ordered and that the failure to make timely disclosure did not prejudice any other party, or otherwise pursuant to rule or law. *See* Fed. R. Civ. P. 37(c).

All experts designated are to be fully prepared at the time of designation to render an informed opinion, and give their reasons therefore, so that they will be able to give full and complete testimony at any deposition taken by the opposing parties. Experts will not be permitted to testify at the trial as to any information gathered or evaluated, or opinion formed, after deposition taken subsequent to designation, except as permitted by rule or law.

///
///
///
///
///
///
///
///
///
///

<u>JOINT NOTICE OF TRIAL READINESS</u>

The parties are ordered to file a Joint Notice of Trial Readiness not later than thirty (30) days after receiving this Court's ruling on the last filed dispositive motion or thirty (30) days following the expiration of the dispositive motion deadline if no dispositive motions are filed.  The parties are to set forth in their Notice of Trial Readiness, the appropriateness of special procedures, whether this case is related to any other case(s) on file in the Eastern District of California, the prospect for settlement, their estimated trial length, any request for a jury, and their availability for trial. After review of the parties' Joint Notice of Trial Readiness, the Court will issue an order that sets forth new dates for a final pretrial conference and trial.

IT IS SO ORDERED.

Dated:  February 29, 2024

_____
MORRISON C. ENGLAND, JR.
SENIOR UNITED STATES DISTRICT JUDGE