UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

K.D., THROUGH HER NATURAL GUARDIAN AND MOTHER TEYLOR DILLON,

Plaintiff,

v.

BANNER LASSEN MEDICAL CENTER, ET AL.,

Defendant.

No. 2:23-cv-00990-DC-CKD

ORDER GRANTING PETITION FOR APPROVAL OF MINOR'S COMPROMISE AND DENYING MOTION FOR ADMINISTRATIVE RELIEF AS MOOT

(Doc. Nos. 48, 54)

This matter is before the court on Plaintiff's petition for approval of minor's compromise (Doc. No. 48) and motion for administrative relief to shorten time for consideration of that petition. (Doc. No. 54.) Pursuant to Local Rule 230(g), the pending motion is taken under submission to be decided on the papers. Accordingly, the court vacates the hearing on the petition scheduled for November 6, 2026. For the reasons explained below, the court will grant Plaintiff's petition for approval of minor's compromise and deny Plaintiff's motion for administrative relief as rendered moot by this order.

**BACKGROUND**

Plaintiff K.D., through her mother Teylor Dillon, filed this action against Defendants on May 25, 2023, alleging medical malpractice. (Doc. No. 1.) Plaintiff was five weeks old when the events occurred that gave rise to this action. (Doc. No. 1 at ¶ 2.) Plaintiff alleges Defendants were

negligent in delaying Plaintiff's diagnosis and treatment for bacterial meningitis. (*Id.* at ¶¶ 1, 14, 17, 19.) Plaintiff further alleges she suffered serious injuries because of Defendant's negligence. (*Id.* at ¶¶ 27, 28.)

On July 20, 2026, the parties participated in a private mediation before retired Judge Ben Davidian that lasted more than nine hours. (Doc. No. 48 at 3.) The parties reached a global settlement on July 24, 2026. (*Id.*)

On September 22, 2026, Plaintiff filed the pending petition to approve minor's compromise. (Doc. No. 48.) Defendants United States of America, Chase Dennis Emergency Medical Group, Inc.; Banner Lassen Medical Center; Marc Nielsen; and Edward Schellert filed statements of non-opposition to Plaintiff's petition. (Doc. Nos. 51, 52, 53.) Defendant Matthew Kolosky, who is a party to the settlement, filed neither an opposition nor statement of non-opposition, and the time in which to do so has passed.

Plaintiff noticed the petition for a hearing on November 6, 2026 (Doc. No. 50), but then filed the pending unopposed administrative motion on September 30, 2026, requesting that the court advance consideration of Plaintiff's petition because the parties' negotiated annuity has a projected purchase date of November 2, 2026. (Doc. No. 54.) As noted above, because the court is vacating the hearing and ruling on the papers in this order, Plaintiff's administrative motion will be denied as having been rendered moot.

## LEGAL STANDARD

This court has a duty to protect the interests of minors participating in litigation before it. *Salmeron v. United States*, 724 F.2d 1357, 1363 (9th Cir. 1983); *see* Fed. R. Civ. P. 17(c)(2) (requiring the court to "appoint a guardian *ad litem*—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action."). Where a case with minor parties reaches a settlement, this duty requires a district court to "conduct its own inquiry to determine whether the settlement serves the best interests of the minor." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011) (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)). In examining the fairness of a settlement of a minor's claims, the Ninth Circuit has held that a district court should focus on "whether the net amount distributed to each minor

plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases." *Robidoux*, 638 F.3d at 1181–82. While the Ninth Circuit limited its holding in *Robidoux* to cases involving the settlement of a minor's federal claims, district courts have applied the *Robidoux* standard to cases involving the settlement of both federal and state claims. *See Sandoval v. City of Los Angeles*, No. 18-cv-10715-FLA-PLA, 2022 WL 22870074, at *1 (C.D. Cal. Aug. 8, 2022); *A.G.A. v. Cnty. Of Riverside*, No. 19-cv-00077-VAP-SP, 2019 WL 2871160, at *3 n. 1 (C.D. Cal. Apr. 26, 2019) (collecting cases).

In addition, the Local Rules of this court require a motion for approval of a proposed minor's compromise to disclose, among other things: (1) the age and sex of the minor; (2) the nature of the causes of action to be settled or compromised; (3) the facts and circumstances out of which the causes of action arose, including the time, place, and persons involved; (4) the manner in which the compromise amount or other consideration was determined, including such additional information as may be required to enable the court to determine the fairness of the settlement or compromise amount; and (5) if the minor has a personal injury claim, the nature and extent of the injury with sufficient particularity to inform the court whether the injury is temporary or permanent. *See* L.R. 202(b)(2).

Further, Local Rule 202 provides:

> [w]hen the minor or incompetent is represented by an attorney, it shall be disclosed to the [c]ourt by whom and the terms under which the attorney was employed; whether the attorney became involved in the application at the instance of the party against whom the causes of action are asserted, directly or indirectly; whether the attorney stands in any relationship to that party; and whether the attorney has received or expects to receive any compensation, from whom, and the amount.

L.R. 202(c).

Local Rule 202 also provides guidelines regarding the disbursement of money to minors. L.R. 202(e). Money or property recovered on behalf of a minor will be: (1) disbursed to the representative pursuant to state law upon a showing that the representative is duly qualified under state law, (2) disbursed otherwise pursuant to state law, or (3) disbursed pursuant to such other order as the court deems proper for the protection of the minor. *Id*.

## ANALYSIS

### A. Settlement Terms

Under the terms of the parties' settlement in this case, Defendants will pay a gross settlement amount of $850,000. (Doc. No. 48-1 at 3.) Defendants will contribute to the gross settlement amount as follows: (1) Defendant Matthew Kolosky, D.O. will pay $375,000; (2) Defendant Banner Lassen Medical Center will pay $250,000; (3) Defendants Marc Nielsen, D.O., and Edward Schellert, P.A., will together pay $150,000; and (4) Defendant United States of America will pay $75,000. (*Id.* at 14, 22, 35, 44.) Defendant Chase Dennis Medical Center will be dismissed, with prejudice, in exchange for a mutual waiver of costs. (*Id.* at 35.) Under Plaintiff's contingency fee agreement with her attorneys, her attorneys are entitled to 25% of the first $600,000 of any recovery amount and 15% of amounts exceeding $600,000, for a total of $156,121.85 in attorneys' fees in this case. (*Id.* at 59.) Plaintiff's counsel then voluntarily reduced this amount by an additional $99,251.27, for a final total of $56,870.58 in attorneys' fees. (*Id.* at 4, 89.) After deductions for costs, attorneys' fees, and medical liens, Plaintiff's net recovery will be $500,000. (*Id.* at 89.)

The parties agree that Plaintiff's net settlement proceeds will be used to purchase an annuity from Pacific Life & Annuity Services, Inc. (*Id.* at 7, 14, 15, 31, 32.) The annuity is payable to Teylor and Chase Dillion for the benefit of Plaintiff in the amount of $1,261.14 per month, compounded at 3% annually, beginning December 2, 2026, until July 2, 2038. (*Id.* at 7.) Once Plaintiff becomes eighteen years old, the annuity then guarantees Plaintiff $1,745.72 per month, compounded at 3% annually, beginning August 2, 2038, until November 2, 2066. (*Id.*) Defendant Matthew Kolosky's payment ($375,000) and half of Defendant Banner Lassen Medical Center's payment ($125,000) will fund Plaintiff's annuity. (*Id.*) The remaining payments will go to attorneys' fees, costs, and liens. (*Id.* at 5, 14, 89.)

### B. Fairness and Reasonableness of Settlement

First, the court finds that Plaintiff has complied with the requirements of the Local Rules. Plaintiff has provided the information required by Local Rule 202(b), namely (i) Plaintiff's age and sex, (ii) the nature of the causes of action to be settled against Defendants, (iii) the facts out

of which the cause of action arose, (iv) the manner in which the settlement amount was determined, and (v) the nature and extent of Plaintiff's injuries sufficient to inform the court whether the injuries are temporary or permanent. (Doc. No. 48 at 2–7.) Further, Plaintiff has complied with Local Rule 202(c), providing sufficient details regarding the terms of her attorneys' employment in this case. (*Id.* at 4.)

The court next finds Plaintiff's net recovery through the settlement is fair and reasonable. In her petition for approval, Plaintiff contends there remain "significant disputed issues concerning the applicable standard of care, medical causation, the nature and extent of [Plaintiff's] injuries and future damages, and the allocation of responsibility among the multiple Defendants." (*Id.* at 6.) Plaintiff further contends "continued litigation would require substantial additional expert discovery, dispositive motion practice, and trial, with significant expense, delay, and uncertainty." (*Id.*) But Plaintiff does not cite examples of recoveries in similar cases demonstrating the suitability of the settlement amount in this case. Nevertheless, based on the court's own independent research, the settlement amount of $500,000 is sufficiently similar to minors' compromises that have been approved by decisions in similar cases involving medical malpractice. *See M.S. v. United States*, No. 1:19-cv-00728-AWI-SKO, 2020 WL 526102, at *1 (E.D. Cal. Feb. 3, 2020) (finding minor plaintiff's net settlement recovery of $495,250.19 for injuries sustained during birth, resulting in permanent weakness in her upper left extremity, to be fair and reasonable); *Bravo v. United States*, No. 1:14-cv-01004-AWI-JLT, 2016 WL 3418450, at *3 (E.D. Cal. June 22, 2016) (finding minor plaintiff's net recovery of $97,890.48 fair and reasonable for injuries sustained during birth, resulting in weakness in her right upper extremity).

The court also finds the amount deducted from Plaintiff's gross recovery for attorneys' fees is reasonable here. Plaintiff's attorneys' contingency fee of no more than 25% of Plaintiff's recovery (Doc. No. 48-1 at 59) comports with the benchmark for cases involving minors in the Eastern District of California. *See Robles v. Riano*, No. 2:22-cv-00085-DC-SCR, 2026 WL 622187, at *4 (E.D. Cal. Mar. 5, 2026). Moreover, the fact that Plaintiffs' attorneys voluntarily reduced their fees by an additional $99,251.27 (Doc. No. at 4, 89) further supports the court's finding that Plaintiff's attorneys' fees are reasonable here.

Lastly, the proposed method of distributing the settlement appears to be fair and reasonable. Local Rule 202(e) requires money or property recovered on behalf of a minor to be "(1) disbursed to the representative pursuant to state law upon a showing that the representative is duly qualified under state law, (2) disbursed otherwise pursuant to state law, or (3) disbursed pursuant to such other order as the Court deems proper for the protection of the minor or incompetent person." L.R. 202(e). The Easten District of California regularly finds structured disbursements proper in cases involving minors' compromises. *See, e.g., Estrella v. City of Modesto*, No. 1:22-cv-00921-DC-JDP, 2026 WL 1298053, at *5 (E.D. Cal. May 12, 2026) (finding court-blocked account providing monthly payments to plaintiffs' guardian for the benefit of the minor plaintiffs until they are eighteen years old to be fair and reasonable); *Robles*, 2026 WL 622187, at *2 (finding fair and reasonable a structured annuity involving seven annuity payments to plaintiff beginning after he reaches the age of eighteen years old and ending once he reaches the age of thirty years old); *E.H. v. Cal. Exposition & State Fair*, No. 2:22-cv-01844-DAD-DB, 2023 WL 8527703, at *3 (E.D. Cal. Dec. 8, 2023) (approving structured annuity paid in four disbursements from time plaintiffs are eighteen years old to when they are thirty years old). Plaintiff's structured annuity disbursements are therefore fair and reasonable in this case.

The court also notes that Plaintiff's petition is unopposed and Plaintiff's mother and natural guardian "believes the compromise is fair, reasonable, and in [Plaintiff's] best interest." (Doc. No. 48 at 7.) That the parties reached a global settlement after mediation with the assistance of a retired judge also suggests the settlement is fair and reasonable. *See Cal. Exposition & State Fair*, 2023 WL 8527703, at *2; *Parenti v. Cnty. of Monterey*, No. 14-cv-05481-BLF, 2019 WL 1245145, at *3 (N.D. Cal. Mar. 18, 2019) (finding minors' compromise reasonable where "the parties engaged in extensive negotiations with a magistrate judge to reach settlement").

Thus, the court finds the settlement fair, reasonable, and in Plaintiff's best interest. Accordingly, the court will grant Plaintiff's petition for approval of the minor's compromise.

**CONCLUSION**

For the reasons explained above:

1. Plaintiff's petition for approval of minor's compromise (Doc. No. 48) is

GRANTED;

2. Plaintiff's administrative motion to shorten time for consideration of Plaintiff's petition for approval of minor's compromise (Doc. No. 54) is DENIED as having been rendered moot by this order;

3. Pursuant to the terms of the parties' respective settlement agreements, Defendants shall pay Plaintiff to resolve all claims brought in this action, and those payments shall be made as follows:

   a. $375,000 from Defendant Matthew Kolosky, D.O., payable to Pacific Life & Annuity Services, Inc. to partially fund Plaintiff's annuity;

   b. $125,000 from Defendant Banner Lassen Medical Center, payable to Pacific Life & Annuity Services, Inc. to partially fund Plaintiff's annuity;

   c. $125,000 from Defendant Banner Lassen Medical Center, payable to Osier Law Offices, APC Client Trust Account for attorneys' fees, costs, and liens;

   d. $150,000 from Defendants Marc Nielsen. D.O. and Edward Schellert, P.A., payable to Osier Law Offices, APC Client Trust Account for attorneys' fees, costs, and liens; and

   e. $75,000 from Defendant Unites States of America, payable to Osier Law Offices IOLTA Account for attorneys' fees, costs, and liens;

/////

/////

/////

/////

/////

/////

/////

/////

/////

/////

4. The hearing scheduled for November 6, 2026, on Plaintiff's petition for approval of minor's compromise is VACATED; and

5. The parties are reminded of the court's order dated July 28, 2026 (Doc. No. 47) directing the parties to file dispositional documents by no later than January 22, 2027.

IT IS SO ORDERED.

Dated: **October 13, 2026**

Dena Coggins
United States District Judge